**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

BRAD BROWN, *Individually*
*and For Others Similarly Situated*,

                    Plaintiff,

v.                                                      CIVIL ACTION NO.  5:20-cv-00434

EQUITRANS MIDSTREAM
CORPORATION, and EQM MIDSTREAM
PARTNERS, LP,

                    Defendants.


**<u>MEMORANDUM OPINION AND ORDER</u>**

            Pending is Defendants Equitrans Midstream Corporation ("Equitrans") and EQM

Midstream Partners, LP's ("EQM") Motion to Compel Arbitration and to Dismiss or,

Alternatively, Stay the Case Pending the Outcome of Arbitration [Doc. 15], filed August 28, 2020.


**I.**


            In April 2019, Brad Brown began working as a coating inspector in Beckley for

MDM Solutions, LLC. [Doc. 1 at ¶ 9, 39]. He signed a "Pre-Assignment Acknowledgment and

Arbitration Agreement" ("Arbitration Agreement").[1] [Doc. 16-1]. The Arbitration Agreement

identified MDM Solutions, LLC, as "Employer" and Mountain Valley Pipeline, LLC, as

"Company." [*Id.*]. The Arbitration Agreement defined the matters subject to arbitration as follows:

            In the event any dispute arises between me and Employer and/or me and Company,

---

[1] Charles Appling also filed notice of consent to join the litigation. [Doc. 2]. Appling's situation is materially identical to Brown's situation, as Appling signed an identical arbitration agreement. [Doc. 16-2].

I will inform Employer of this dispute. In consideration for my assignment by Employer to provide services to Company, I acknowledge and agree that the sole and exclusive forum in which to resolve any dispute (to the extent not satisfactorily resolved via ordinary discussions among the involved parties) with my Employer and/or Company shall be in final and binding arbitration in accordance with the provisions below:

A. Any controversy, claim, or dispute arising out of or relating to my work in connection with the Company shall be settled by binding arbitration . . .

. . .

C. The Arbitration Panel shall have exclusive authority to resolve any disputes of any kind or nature, including enforcement of this Arbitration Agreement . . .

[*Id.*]. Furthermore, the Arbitration Agreement ended with a disclaimer waiving any right to litigate such disputes in court, specifically mentioning disputes involving wages. [*Id.*]. Throughout Brown's employment, he was classified as an independent contractor and paid on a day-rate basis. [Doc. 1 at ¶ 6]. No matter how long or how frequently Brown worked, he never received overtime. [*Id.* at ¶ 53–55]. He worked as an inspector until September 2019. [*Id.* at ¶ 10].

On June 25, 2020, Brown instituted this action [Doc. 1]. The Complaint alleges that Defendants -- non-signatories to the Arbitration Agreement -- violated the Fair Labor Standards Act ("FLSA") by depriving Brown and others of overtime pay for the hours exceeding 40 worked each week. [*Id.* at ¶ 114]. On August 28, 2020, the Defendants moved to compel arbitration pursuant to the Arbitration Agreement. [Doc. 16 at 1]. Brown responds that the non-signatory Defendants cannot avail themselves of the arbitral forum. [Doc. 17 at 5].

On November 6, 2020, the Court ordered Brown, Equitrans, and EQM to file stipulations regarding the relationship of Equitrans and EQM to the entities listed in the Arbitration Agreement. [Docs. 25, 27]. The parties filed individual stipulations on November 20, 2020. [Docs. 28–29].

## II.

The Federal Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts apply a "strong federal policy in favor of enforcing arbitration agreements." *Hayes v. Delbert Servs. Corp.*, 811 F.3d 666 (4th Cir. 2016) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985)). However, a "party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Mey v. DIRECTV, LLC*, 971 F.3d 284, 292 (4th Cir. 2020); *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011). A "foundational FAA principle [is] that arbitration is a matter of consent." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 434 (4th Cir. 2014) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010)).

Section 4 of Title 9 provides, "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4; *Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019). In *Hub*, the Court of Appeals stated, "Section 4 thus requires that the district court — rather than an arbitrator — decide whether the parties have formed an agreement to arbitrate." *Berkeley*, 944 F.3d at 234 (quoting *Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 561 U.S. 287, 296 (explaining that dispute over formation of agreement to arbitrate "is generally for courts to decide")). To determine whether the parties formed an agreement to arbitrate, courts "apply ordinary state law principles governing the formation of contracts." *Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

3

"In the Fourth Circuit, a litigant can compel arbitration if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002) (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1992)).

### III.

The parties do not dispute that a controversy exists between them, that the transaction bears a relationship to interstate commerce, or that Brown refuses to arbitrate the dispute. The sole remaining issue is whether there is "a written agreement that includes an arbitration provision which purports to cover the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002) (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1992)).

Defendants contend that the Arbitration Agreement purports to cover the dispute because it applies to "[a]ny controversy, claim, or dispute arising out of or relating to [Brown's] work in connection with the Company." [Docs. 16 at 15, 16-1 at 2]. Brown argues that the Defendants have no rights under the Arbitration Agreement, as nothing in it indicates an intent to allow Equitrans or EQM to enforce the Arbitration Agreement. [Doc. 17 at 1].

The parties appear to agree that West Virginia law governs formation of the Arbitration Agreement. [Docs. 17 at 9, 18 at 7]. Brown disputes whether he and Defendants agreed to arbitrate disputes like the one presented herein. [Doc. 17 at 1]. Thus, Brown disputes whether he has an agreement to arbitrate with and Defendants Equitrans and EQM. When the making of an arbitration agreement is at issue, the court must conduct a summary trial pursuant to 9 U.S.C. § 4.

4

Accordingly, the Court concludes the matter in controversy must be resolved by the summary trial provision of 9 U.S.C. § 4. Our Court of Appeals has noted that the determination of appropriate pretrial procedures is "reserved to the able lawyers for the parties and the sound discretion of our distinguished colleague on the district court." *Berkeley Cty. Sch. Dist.*, 944 F.3d at 242. The Court will hold a status conference to determine what procedures are appropriate.

Before the status conference, the Court directs counsel to consult about an appropriate procedure for the summary trial. Counsel should discuss whether brief discovery is necessary; when the parties expect to be ready for a summary trial on the question of whether Brown has agreed to arbitrate disputes with Equitrans and EQM; and if there are other procedures the parties deem appropriate. *See Boyles v. Langmore Capital, LLC*, 2020 U.S. Dist. LEXIS 145612, *7 (M.D.N.C. 2020) (instructing the parties to consult about the appropriate summary trial procedure).

## IV.

The Court therefore **ORDERS** the parties to attend a status conference on **January 8, 2021** at **10:00 a.m.** in **Beckley** to discuss the procedures for the summary trial.

The summary trial is scheduled for **January 26, 2021** at **9:00 a.m.** in **Beckley**.

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and Order to counsel of record and to any unrepresented party.

ENTER:    December 17, 2020



Frank W. Volk
United States District Judge